IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALYSSA BALLY AND COURTNEY MAHARAJ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § |
| *Plaintiffs,* | § § |
| V. | Civ. No. 3:17-cv-30 § § |
| DREAMS CABARET L.L.C. AND JOSE FONG, | § § § § |
| *Defendants.* | § |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Alyssa Bally ("Bally") and Courtney Maharaj ("Maharaj") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint against Dreams Cabaret, L.L.C. ("Dreams") and Jose Fong ("Fong") (collectively, "Defendants"), and would show as follows:

### I. PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiffs allege that Defendants violated the FLSA by unlawfully designating their dancers as independent contractors and failing to pay dancers minimum wages and overtime. Plaintiffs seek to recover unpaid minimum wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees. Moreover, Plaintiffs seek to certify this matter as a collective action under the FLSA.

1

## II. PARTIES

2. Plaintiff Bally is an individual residing in El Paso, Texas. Bally is a current dancer for Defendants.

3. Plaintiff Maharaj is an individual residing in Arkansas. Maharaj is a former dancer for Defendants.

4. Defendant Dreams is a limited liability company organized under the laws of Texas with its principal place of business in El Paso, Texas. It may be served through its registered agent for service of process, Jose Fong, at 2049 Paseo Del Rey, El Paso, Texas 79936.

5. Defendant Fong has a place of business and does business at 2049 Paseo Del Rey, El Paso, Texas 79936, where Fong is, and at all times hereinafter mentioned was, owner of Defendant Dreams and actively manages, supervises and directs the business affairs and operations of Defendant Dreams, and acts and has acted, directly and indirectly, in the interest of Defendant Dreams in relation to its employees and is an employer of these employees within the meaning of the FLSA.

6. At all times during Plaintiffs' employment, Defendants were joint employers of Plaintiffs and the putative class members under 29 C.F.R. § 791.2.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

8. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Defendants employed Plaintiffs and all others similarly situated to work at Dreams Cabaret's location in El Paso, Texas.

## IV. FACTUAL ALLEGATIONS

9. Defendant Dreams is an adult entertainment establishment in El Paso, Texas.

10. At all times hereinafter mentioned, Defendant Dreams has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant Dreams has been, though operation or common control, engaged in the performance of related activities for a common business purpose.

11. At all times hereinafter mentioned, Defendant Dreams has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

12. Defendant Fong is the owner of Dreams. As owner, Mr. Fong possesses the power to hire and fire Plaintiffs and all others similarly situated, and he uses that power. He supervises and controls the conditions of employment for Plaintiffs and all others similarly situated, including actively supervising Plaintiffs. He determines and approves the rate and method of payment for Plaintiffs and all others similarly situated. He is ultimately responsible for maintaining employment records.

13. Plaintiff Bally has worked for Defendants as a dancer from May 2014 to the present. Plaintiff Maharaj worked for Defendants as a dancer from approximately 2012 to July 2016.

14. Defendants classify dancers, including Plaintiffs, as independent contractors, exempt from the FLSA. However, as described below, Defendants exercise substantial control over their dancers and the manner in which they conduct their work.

15. Defendants require that Plaintiffs and other dancers pay "rent" to the club for dancing. Specifically, Defendants charge a fluctuating rate based on the time of day that a dancer begins work. The later a dancer begins work, the more in rent she must pay.

16. In addition to the rent Plaintiffs and other dancers must pay, Defendants require that Plaintiffs and other dancers remain at work for at least six hours every night they work. Upon arrival at work, all dancers must sign in with the DJ. Defendants require dancers to work until the end of their shift. Late shift dancers must be on the floor until closing time, and they may not leave until all customers have left the premises. All dancers are required to seek management approval to change a shift. If a dancer leaves early, she is fined $20.00.

17. Defendants also set rules for dancers' use of the performance stages. If a dancer misses a stage, she must pay an additional fine.

18. Defendants set the prices that Plaintiffs and other dancers may charge to customers for dances. Plaintiffs do not exercise any discretion in setting prices.

19. Defendants set requirements for Plaintiffs and other dancers' attire. Specifically, all dancers must wear heels of a certain height. Furthermore, dancers must be topless and down to their g-string or thong by the second song of their shift.

20. Defendants inform all dancers that management has the last word on music played and stage lighting.

21. Defendants do not permit Plaintiffs and other dancers to dance at other clubs and threaten Plaintiffs and other dancers with termination for doing so.

22. Defendants are responsible for club advertising, business hours, refreshments, and facilities. Defendants are also responsible for customer volume control.

23. Defendants inform all dancers in their work agreement, "LADIES, YOU MUST MAINTAIN A POSITIVE ATTITUDE AND TREAT THE CUSTOMER LIKE A KING!"

24. Defendants also inform all dancers in their work agreement that "[a]ny violation of these rules and policies can lead to warning, suspensions, fines or terminations."

25. Defendants require Plaintiffs and all dancers to fill out an "Employment Application," including a list of prior employment and references. The "Employment Application" requires a dancer to certify that "I understand that false information may be grounds for not hiring me or for immediate termination of employment at any point in the future if I am hired."

26. The dancing services provided by Plaintiffs and all others similarly situated are integral to Defendants' business. Defendant Dreams is an adult entertainment club; the primary form of entertainment provided at Dreams is the dancing performed by Plaintiffs.

27. Dancers, including Plaintiffs, regularly work approximately twenty to thirty hours per week, and in several weeks they work over forty hours per week. Despite these hours worked, Plaintiffs and other dancers similarly situated never receive an hourly wage or any other compensation from Defendants. Instead, Plaintiffs and other dancers can keep a portion of the

tips they receive directly from customers, although Plaintiffs are first required to pay "rent" to Defendants and also to tip out the DJ, house mother, and bartender out of the tips they earn.

28. Defendants do not pay Plaintiffs and other dancers either the standard hourly minimum wage of $7.25 or the legal minimum wage for a customarily tipped employee of $2.13 per hour. Defendants also do not pay Plaintiffs and other dancers time and one half their regular hourly rate for hours worked beyond forty per week.

29. Defendants are not entitled to claim a "tip credit" under Section 203(m) of the Fair Labor Standards Act. Specifically, Defendants never pay Plaintiffs and other dancers a cash wage of at least $2.13 per hour. Defendants never informed Plaintiffs and other dancers of the FLSA's tip credit provisions and Defendants' intention to take a tip credit to make up the difference between the tipped minimum wage and the statutory minimum wage. Defendants do not permit Plaintiffs and other dancers to retain all their tips, instead keeping some of the tips for Defendants' own use. Defendants also do not ensure that Plaintiffs' and other dancers' cash wages plus the tip credits equal the minimum wages required each week. Defendants did not pay Plaintiffs and other dancers any cash wages, and Defendants did not keep any records of hours Plaintiffs and other dancers worked or the amount of tips they earned. Therefore, it is not possible for them to ensure that Plaintiffs and other dancers received a proper tip credit. Because Defendants cannot claim a tip credit within the meaning of the FLSA, Plaintiffs and all others similarly situated are entitled to the full statutory minimum wage and overtime rates for all hours worked.

30. Additionally, Defendants fail to make, keep, and preserve accurate records with respect to Plaintiffs and all others similarly situated, including hours worked each workday and

total hours worked each workweek, as required by 29 U.S.C. §§ 211(c), 516.28, and supporting federal regulations.

## V.　CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – MINIMUM WAGES

31.　Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

32.　Defendants have engaged in a pattern, policy, and practice of violating the FLSA, as detailed above, by misclassifying Plaintiffs and all others similarly situated as independent contractors and not paying them minimum wages.

33.　The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the putative class members.

34.　At all relevant times, Plaintiffs and the putative class members were employed by an entity engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

35.　At all relevant times, Plaintiffs and the putative class members were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

36.　At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

37.　At all relevant times, Defendants employed Plaintiffs and the putative class members within the meaning of 29 U.S.C. § 203(g).

38. Defendants have engaged in a policy and/or practice of failing to pay Plaintiffs and the putative class members the applicable minimum wage for all hours Defendants suffered or permitted them to work.

39. As a result of the minimum wage violations, Plaintiffs and the putative class members have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

40. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. Members of the putative class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consent to Join this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA – OVERTIME WAGES

43. Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the putative class members. Defendants have failed to pay Plaintiffs and the putative class members overtime wages at time-and-a-half for hours that they worked over 40 hours in a workweek.

45. As a result of Defendants' unlawful acts, Plaintiffs and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

46. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

48. Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

49. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

50. Defendants have a common policy or scheme of paying their dancers tips only, thereby denying their dancers all minimum and overtime wages. As a result of this common policy or scheme, Defendants wrongfully denied dancers the regular minimum wage of $7.25 per

hour for the first forty hours of work each week and the overtime wage of $10.88 per hour for all hours worked in excess of forty in a workweek.

51. Therefore, the Court should certify a collective action of all current and former dancers employed by Defendants at any time during the three years preceding the filing of this action who are paid only in tips. Plaintiffs are informed and believe, and based thereon, allege that there are putative FLSA class members who could "opt-in" to this class. The actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII. ATTORNEYS FEES AND COSTS

52. Plaintiffs are entitled to an award of attorney fees and costs under 29 U.S.C. §216(b).

## VIII. DAMAGES

53. As a direct and proximate result of Defendants' actions, Plaintiffs suffered injuries and damages and seek the following:

   a. actual and liquidated damages for unpaid minimum wages under the Fair Labor Standards Act;

   b. actual and liquidated damages for unpaid overtime wages under the Fair Labor Standards Act;

   c. reasonable attorney's fees under the Fair Labor Standards Act;

   d. pre-judgment and post-judgment interest as provided by law;

   e. all costs of court; and

f. any other relief to which Plaintiffs may be entitled, whether in law or equity.

## **PRAYER**

54. Plaintiffs pray for judgment against Defendants as follows:

(a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
Attorney In Charge
lawrence@themoralesfirm.com
Allison S. Hartry
State Bar No. 24083149
ahartry@themoralesfirm.com
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 7820
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821

***ATTORNEY FOR PLAINTIFFS***