IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALYSSA BALLY AND COURTNEY MAHARAJ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs,*<br><br>V.<br><br>FONG SUNRISE, L.L.C., D/B/A DREAMS CABARET, FION SUNRISE, L.L.C., D/B/A DREAMS CABARET, AND JOSE FONG,<br><br>*Defendants.* | Civ. No. 3:17-cv-30-DB |

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
AND FOR ENTRY OF FINAL JUDGMENT**

Plaintiffs Alyssa Bally and Courtney Maharaj, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), file this Motion for Attorney's Fees and Costs and for Entry of Final Judgment against Defendants Fong Sunrise, L.L.C., d/b/a Dreams Cabaret, and Fion Sunrise, L.L.C., d/b/a Dreams Cabaret and Jose Fong ("Mr. Fong") (collectively, "Dreams" or "Defendants"), and, in support thereof, show:

**SUMMARY**

Plaintiffs are former exotic dancers for Dreams, an adult entertainment club in El Paso. Plaintiffs filed suit against Defendants under the Fair Labor Standards Act ("FLSA") and, in the alternative, under the Texas Minimum Wage Act for failure to properly compensate them under the law. Dreams admitted that its dancers earn money through customer tips only, and that Dreams does not pay dancers minimum wage or overtime under the FLSA, but claimed that dancers were lawfully denied wages because they were independent contractors and not employees. After a two-

1

day bench trial in January 2018, however, this Court issued Findings of Fact and Conclusions of Law disagreeing with Dreams and holding as a matter of law that the dancers were Dreams employees and not independent contractors. (Dkt. No. 91 at 3-11). The Court further held that Mr. Fong was an employer under the FLSA and that all three Defendants were jointly and severally liable for the dancers' wages. (Dkt. No. 91 at 13-14, 15-16). Moreover, because Dreams failed to maintain time records as required by law (Dkt. No. 91 at 11-13), the Court held that the following dancers met their burden of proof to raise a just and reasonable inference as to the amount and extent of work and are entitled to judgment in the following amounts:

1. **Alyssa Bally**: $14,790.00 (Dkt. No. 91 at 16);
2. **Brittany Chavez**: $2,177.18 (Dkt. No. 91 at 16-17);
3. **Alejandra Galvan**: $20,164.86 (Dkt. No. 91 at 17);
4. **Courtney Maharaj**: $11,335.67 (Dkt. No. 91 at 17);
5. **Maria Ochoa**: $12,865.58 (Dkt. No. 91 at 17); and
6. **Jacquelyn Roberts**: $12,104.17 (Dkt. No. 91 at 18).

**Total**: **$73,437.46**

The Court ordered Plaintiffs to submit a motion for attorney's fees and also submit a proposed final judgment within fourteen days of the Court's Order. (Dkt. No. 91 at 20). Plaintiffs therefore respectfully submit the following Motion for Attorney's Fees and Costs and for Entry of Final Judgment:[1]

---

[1] Plaintiffs explicitly reserve the right to appeal the Final Judgment and nothing in this Motion or Proposed Order waives Plaintiffs' right to appeal.

## **LEGAL OVERVIEW**

Plaintiffs are prevailing parties for purposes of an FLSA fee award if they obtain at least some relief on the merits of their claim. *Tyler v. Union Oil Co. of Calif.*, 304 F3d 379, 404 (5th Cir. 2002). An award of attorney's fees to a prevailing plaintiff is mandatory in an FLSA case: a court "shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Attorney's fees awarded under the FLSA are governed by the lodestar method, and are determined by the trial court, not the jury. *Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir. 2006).

The Supreme Court has established a "strong presumption" that the lodestar figure—the product of multiplying hours reasonably expended by a reasonable hourly rate— represents "the reasonable fee" that Plaintiffs should receive. *Perdue v. Kenney A.*, 559 U.S. 542, 553-54 (2010). Post-*Perdue*, the Fifth Circuit complements the lodestar approach with the *Johnson* factors. *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013) ("[t]here is a strong presumption that the lodestar amount is a reasonable fee, although a court may decrease or enhance it based on the factors established in *Johnson*"); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*'"). Any such adjustment cannot be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Perdue*, 559 U.S. at 553.

Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th

Cir. 2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Saizan v. Delta Concrete Products Co.*, 448 F.3d 759, 799 (5th Cir. 2006). The proper remedy for omitting evidence of billing judgment is not to deny fees but rather reduce the award by a percentage intended to substitute for the exercise of billing judgment. *Id.*; *Walker*, 313 F.3d at 251.

A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id*. If the documentation is vague or incomplete, a court may reduce the hours. *Kellstrom*, 50 F.3d at 324. Reasonable hourly rates are determined by looking to the prevailing market rates in the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

"[A]ttorney fees are an integral part of the merits of FLSA cases," *Shelton v. MP. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and, as courts repeatedly explain, the ability of FLSA plaintiffs to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme. *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process" and "an award . . . 'encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee analysis "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits"); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th

Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs"); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for Plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-shifting provision "exists to enable Plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

Consistent with the above principles, it is common for FLSA attorney's fee awards to exceed the total amount of a plaintiff's recovered unpaid wages. *See, e.g., Howe v. Hoffinan-Plaintiffs Partners Ltd, LLP*, 215 Fed. Appx. 341 (5th Cir. 2007) (finding that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples" and granting attorneys' fees of $129,805.50 with damages of $23,357.30); *Willis v. Full Service Construction et al*, CA 4:14-cv-1673, Dkt. 77, (S.D. Tex., Feb. 26, 2016) ($6,686.20 in damages and $99,291.75 in fees and costs); *Lucio-Contu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three Plaintiffs and $51,750.00 in attorneys' fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) ($1,698.00 in damages and $9,250 in attorney's fees); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797.00 in fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees); *Roussel v. Brinker International, Inc.*, 2010 WL 1881898 (S.D. Tex. 2010) (awarding attorney fee recovery of approximately

$1,600,000.00 on recovery of approximately $200,000.00 for Plaintiffs); *Howe v. Hoffman-Plaintiffs Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages); *Hilton v. Executive Self Storage Associates, Inc.*, CA 4:06-cv-02744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (awarding $21,132.05 in fees on damages of $2,000.00 in an FLSA case); *Villegas v Regions Bank*, CA 4:11-cv-00904 (S.D. Texas 2013, Dkt 27) (awarding $13,230.00 in fees on damages of $1,413.00 in FLSA case); *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *4 (N.D. Tex. July 17, 2014) (on remand from the Fifth Circuit, awarding $232,400.81 in fees on $23,747.56 in damages in FLSA case).

Indeed, if statutory fees under the FLSA were limited by the plaintiff's recovery, the vast majority of FLSA violations in this nation would go unvindicated because workers simply would be unable to find private lawyers to take their cases on an individual basis. *See Heder*, 255 F. Supp. 2d at 952.

## **ANALYSIS**

Based on the lodestar analysis, Plaintiffs seek $111,084.50 in attorneys' fees. This amount is supported by: (a) an analysis of the reasonable hours spent working on this case; and (b) the reasonable hourly rates. These factors and the *Johnson* factors are discussed below and are supported by a sworn declaration from Lawrence Morales II (attached hereto as Exhibit A), contemporaneous time records entered by Lawrence Morales II and Allison S. Hartry of The Morales Firm, PC (Exhibit A-1), receipts representing reimbursable court costs (Exhibit A-2), receipts representing reasonable expenses (Exhibit A-3), and a chart reflecting recent attorney's fee awards in employment cases within the Western District of Texas (Exhibit A-4).

### *Hours of Work Are Reasonable*

Plaintiff seeks an award based on 335.80 hours of time from The Morales Firm, P.C. The Morales Firm tracks its time and expenses through a software program called RocketMatter. Ex. A. A report reflecting the 335.80 hours of work sought by The Morales Firm, P.C. is attached as Attachment 1 to Exhibit A. It is chronologically organized and accurately reflects all attorneys at The Morales Firm that billed time to this case. In setting forth this time, counsel have exercised reasonable billing judgment and have not charged for work that would not normally be billed. In the professional opinion of Mr. Morales, all of the work performed on the attached billing statements materially advanced the claims asserted and/or defended. Counsel attempted to be as efficient as possible in handling this matter and the attached billing statements understate the amount of work done in this case. (Ex. A).

During the course of representing Plaintiffs in this matter, Counsel have: (a) communicated extensively with Plaintiffs; (b) drafted pleadings and motions, including a motion for conditional certification and a motion for partial summary judgment; (c) conducted legal research on various issues that arose during the prosecution of the case; (d) engaged in written discovery and depositions; (e) prepared all pretrial filings and prepared for trial; (f) represented Plaintiffs at trial; and (g) participated in overall representation of the Plaintiff, among other activities. The work done by the Firm to date was necessary to the proper presentation of this case on behalf of Plaintiffs. (Ex. A).

### *The Hourly Rates Upon Which Plaintiffs Bases the Fee Award are Reasonable*

Mr. Morales and Ms. Hartry performed all attorney work on this case. Mr. Morales's billing rate of $450.00 per hour is reasonable. Ex. A, Declaration of Lawrence Morales II. Mr. Morales has been a member in good standing of the Texas Bar since 2005 and is Board Certified in Labor

and Employment Law by the Texas Board of Legal Specialization. Before starting The Morales Firm, P.C., in 2012, he clerked for the Honorable Priscilla R. Owen, United States Court of Appeals for the Fifth Circuit, and practiced in the Labor and Employment Section of Haynes and Boone, LLP. He is a frequent speaker at employment law Continuing Legal Education courses and is also a contributing author to *The Fair Labor Standards Act*, which is a treatise published by the American Bar Association. He has also served on numerous boards and committees concerning employment law, including Vice-Chair of the Labor and Employment Committee of the Young Lawyers Division of the American Bar Association, Fellow to the Federal Labor Standards Legislation Committee of the Labor and Employment Section of the American Bar Association, Director of Governmental Affairs for the San Antonio Human Resources Management Association, Board Member of the San Antonio Young Lawyers Association, and Board Member of the San Antonio Bar Association. (Ex. A).

Mr. Morales spends between one quarter and one half of his time representing clients on an hourly basis. He charges hourly clients, and hourly clients pay him, an hourly rate of $425.00. Mr. Morales charges hourly clients $425.00 per hour (compared to his $450.00 per hour in this case) because his hourly clients agree to pay my fees each month, regardless of the outcome of their case. In contrast, our agreement with contingency fee clients provides that they only pay us at the end of the case if we obtain a settlement or judgment on their behalf. Moreover, The Morales Firm agreed to advance all costs and litigation expenses necessary to prosecute Plaintiffs' claims. Consequently, in contingency fee cases like this one, the firm incurs risk that it may not be paid any fees at all and that it may not be reimbursed for advanced expenses. Because of these risks and the delay in receiving payment, Mr. Morales's standard hourly rate in contingency fee cases is $450.00. Based on his experience, his hourly rate of $450.00 in contingency fee representation is

reasonable.

Ms. Hartry has been a member in good standing of the Texas Bar since 2012. Prior to joining The Morales Firm, P.C., in 2014, she clerked for the Honorable Vanessa D. Gilmore of the Southern District of Texas in Houston. At The Morales Firm, P.C., she represents employees and employers in labor and employment cases, many of which have been reported in the Southern District, Western District, and Fifth Circuit. Ms. Hartry has published articles in the *New York University Review of Law and Social Change*, the *Berkeley Journal of Gender, Law & Justice*, and *The Advocate* (The Litigation Section of the State Bar of Texas' publication). (Ex. A). To the extent Mr. Morales could assign other attorneys who had a lower billable rate to perform particular tasks, he did so. (Ex. A). Ms. Hartry, who charges a lower billable rate, performed approximately 70% of the work in this case. (Ex. A). Ms. Hartry's standard billing rate of $275.00 per hour is reasonable. Ms. Hartry spends between one quarter and one half of her time o representing clients on an hourly basis. During the time period most of the attorney's fees were incurred litigating this case, Ms. Hartry charged clients, and clients paid her, an hourly rate of $275.00. (Ex. A).

These requested rates are in-line with those awarded in similar employment litigation cases. *See* Exhibit A-4, chart reflecting recent attorney's fee awards in employment cases in the Western District of Texas; *see also Gingrass v. The Moore Group, Inc.*, No. 4:15-cv-00837 [Doc. 18] (S.D. Tex. 2015) (awarding Derek Braziel, a 1995 law school graduate, $495 per hour); *Black v. SettlePou, PC*, 3:10-cv-01418-K, 2012 WL 3638681, *4 (N.D. Tex. Aug. 24, 2012) *rev'd on other grounds,* 732 F.3d 492 (5th Cir. 2013) (awarding hourly rate of $450 per hour for Joseph H. Gillespie, a 2002 law graduate); *Villegas v. Regions Bank*, No. 4:11-cv-00904 [Doc. 27] (S.D. Tex. 2013) (awarding Rhonda Hunter Willis, a 1994 law school graduate, $450 an hour); *Evans et al. v. Sterling Chems., Inc.,* No. 4:07-cv-0625 [Doc. 236] (S.D. Tex.) (awarding Chad Flores, a 2007

law school graduate, $400 an hour); *Roussell v. Brinker Int'l, Inc.*, No. 4:05-cv-03733 [Doc. 373] (S.D. Tex.) *affirmed* No. 09-20561 (5th Cir. Sept. 15, 2011) (awarding Rex Burch, a 1997 law school graduate, $400 an hour).

### **Johnson** *Factors Do Not Justify an Adjustment of Fees*

Plaintiffs do not seek an upward adjustment to the lodestar amount of $111,084.50 based on the *Johnson* factors. Additionally, Plaintiffs oppose a downward adjustment of the lodestar amount because it is not justified under the facts of this case. The *Johnson* factors are applied below:

- a. *The time and labor required for the litigation*: See above.

- b. *The novelty and difficulty of the questions presented*: Plaintiffs' claims under the Fair Labor Standards Act present relatively novel issues related to the applicability of an independent contractor classification to exotic dancers who work without a weekly schedule.

- c. *The skill required to perform the legal services properly*: Representation of Plaintiffs in this case required counsel well-versed not only in FLSA litigation, but also federal procedure. Both Mr. Morales and Ms. Hartry have worked extensively on FLSA litigation and in particular in FLSA collective actions, and both served as federal law clerks before entering private practice.

- d. *The preclusion of other employment by the attorney due to acceptance of the case*: The Firm was required to divert some time and resources from the representation of other (hourly rate) clients in order to properly represent Plaintiffs. This case was particularly demanding because counsel represented numerous Plaintiffs as part of a collective action and because it was clear from a relatively early stage in litigation that the case would proceed to trial, which is rare in employment law cases. Counsel also anticipates spending significant additional time on this matter if Defendants choose to appeal.

- e. *The customary fee*: See above.

- f. *Whether the fee is fixed or contingent*: Counsel undertook representation of Plaintiffs on a contingency fee basis.

- g. *Time limitations imposed by the client or the circumstances*: Because of the running of the statute of limitations for potential opt-in members of the

putative class, Counsel was required to file a motion for conditional certification very quickly after filing suit. The running of the statute of limitations on an FLSA matter is a person-specific inquiry, and the statute does not toll until an individual files a consent in the action. Consequently, time was of the essence in seeking conditional certification. Additionally, the discovery period was relatively brief, in particular for a conditionally certified action, requiring additional intensive attention to the lawsuit during the discovery period.

h. *The amount involved and the result obtained*: the attorney's fee and expense award sought by Counsel is also reasonable in relation to the judgment of $73,437.46 awarded to six Plaintiffs.

i. *The experience, reputation and ability of the attorneys*: See above.

j. *The "undesirability" of the case*: Prosecution of this action on a contingency fee basis was a complex and risky endeavor. Counsel's total out-of-pocket expenses totaled $6,944.71. Counsel incurred significant travel, document reproduction, and deposition expenses in connection with taking discovery and representing Plaintiffs at trial.

k. *The nature and length of the professional relationship with the client*: Plaintiffs retained Counsel in January 2017 to pursue their FLSA claims. Plaintiffs provided substantial assistance in gathering information regarding the scope of the claims.

l. *Awards in similar cases*: The proposed attorneys' fees award is standard compared to other similar cases that were tried in Texas recently. *See Willis v. Full Service Construction et al*, CA 4:14-cv-1673, Dkt. 77, (S.D. Tex., Feb. 26, 2016) (awarding $99,291.75 in fees and costs on $6,686.20 in damages); *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *4 (N.D. Tex. July 17, 2014) (awarding $232,400.81 in fees on $23,747.56 in damages); *Wherley v. John Schellsmidt et al*, 3:12-cv-0242-D, Dkt. 89, 2014 WL 3513028 (N.D. Tex. 2014) (Hon. Sidney Fitzwater awarded $71,695.00 in fees on a recovery of $16,138.00); *Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Cir. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages); *Mauricio v. Philip Galyen, P.C.,* et al, 174 F.Supp.3d 944 (N. D. Tex. 2016) (awarding $91,960 in fees on $50,000.00 in damages); *Villegas v Regions Bank*, CA 4-11-cv-904, S.D. Tex. 2013, Dkt 27 (awarding $13,230.00 in fees on damages of $1,413.00); *Hilton v. Executive Self Storage Associates, Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (awarding $21,132.05 in fees on damages of $2,000.00 in an FLSA case).

(Ex. A).

## *Costs of Court and Reasonable Expenses*

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. USA*, 891 F.2d 533, 539 (5th Cir. 1990)). Plaintiffs seek the following costs of court, with true and accurate copies of invoices for said costs attached as Exhibit A-2:

| Date | Description | Cost | |
|---|---|---|---|
| 2/1/2017 | Western District Filing Fee | $400.00 | |
| 2/10/2017 | Service of Process on Corporate Defendant | $70.00 | |
| 2/10/2017 | Service of Process on Mr. Fong | $35.00 | |
| 10/31/2017 | Deposition transcripts of Jose Fong and Hector Granillo | $1,945.11 | |
| 1/3/2018 | Copy of Alyssa Bally deposition transcript | $238.73 | |
| 1/3/2018 | Copy of Maria Ochoa deposition transcript | $194.93 | |
| 1/3/2018 | Copy of Courtney Maharaj deposition transcript | $121.83 | |
| 1/3/2018 | Copy of Alejandra Galvan deposition transcript | $140.20 | |
| 1/3/2018 | Copy of Josefina Ortiz deposition transcript | $131.85 | |
| 1/25/2018 | Copy of video of Courtney Maharaj deposition | $50.00 | |
| 1/19/2018 | Service of trial subpoena on Hector Granillo | $311.00 | |
| 2/14/2018 | Video Editing of Courtney Maharaj deposition | $301.40 | |
| | | **Total:** | **$3,940.05** |

In addition to an award of court costs, courts generally hold that cost awards under fee-shifting statutes may encompass all reasonable out-of-pocket expenses. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002) ("Under the FLSA, costs include reasonable out-of-pocket expenses"); *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988); *Alonzo-Miranda v. Schlumberger Tech. Corp.*, No. 5:13-cv-1057, 2015 U.S. Dist. LEXIS 76028, at *15 (W.D. Tex. 2015); *see also West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003) (allowing out-of-pocket travel expenses in a claim under the ADEA); *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (noting that in Title VII cases, the

Court allows "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as postage, photocopying, paralegal services, long distance telephone calls, and travel costs.").

Accordingly, Plaintiffs seek the following reasonable expenses, with true and accurate copies of invoices for said expenses attached as Exhibit A-3:

| Date | Description | Cost | |
|---|---|---|---|
| 9/22/2017 | Morales flight to El Paso for depositions | $277.95 | |
| 9/22/2017 | Uber in El Paso for depositions | $12.99 | |
| 10/9/2017 | Hotel in El Paso for depositions | $176.24 | |
| 10/9/2017 | Mobile notary for Alyssa Bally deposition | $80.00 | |
| 10/10/2017 | Uber in El Paso for depositions | $12.73 | |
| 1/25/2018 | Binders and tabs required by Court for trial | $42.35 | |
| 1/27/2018 | Alyssa Bally round trip flight for trial | $344.00 | |
| 2/2/2018 | Courtney Maharaj round trip flight for trial[2] | $355.00 | |
| 1/30/2018 | Hartry hotel in El Paso during trial (2 nights) | $304.78 | |
| 1/30/2018 | Morales hotel in El Paso during trial (2 nights) and meals for Morales and Hartry at hotel during trial | $453.32 | |
| 1/30/2018 | Hartry and Morales round trip flight for trial | $945.30 | |
| | | **Total:** | **$3,004.66** |

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Attorney's Fees and Costs and for Entry of Final Judgment. Plaintiffs also seek all other relief to which they may be justly entitled.

---

[2] Although Ms. Maharaj was unable to appear at trail due to her college schedule, the Firm purchased her flights in case the Court permitted Ms. Maharaj to testify at a later date. After the Court disallowed this testimony (Dkt. No. 59), this flight could not be cancelled or transferred.

Respectfully submitted,

/s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
Allison S. Hartry
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

*ATTORNEY FOR PLAINTIFFS*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 5, 2019, I sent an e-mail to Mr. Grajeda enclosing a copy of The Morales Firm, PC's attorney's fees and expenses (Exhibit A-1) and asking for his clients' position on our anticipated request. As of the time of this filing, Mr. Grajeda has not indicated whether Defendants are opposed or not; accordingly, I am marking this motion as opposed.

/s/ Allison S. Hartry
Allison S. Hartry

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2019, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to admitted counsel of record.

/s/ Allison S. Hartry
Allison S. Hartry